IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEANETTA BULLOCK, et al.,

            Plaintiffs,

v.                                 CIVIL ACTION NO. 2:10-cv-00858

TROOPER SEACRIST, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 6]. For the following reasons, the motion is **DENIED**.

**I.    Background**

This case arises from allegations that members of the Logan County detachment of the West Virginia State Police violated the civil rights of the plaintiff, Jeanetta Bullock. Specifically, Bullock alleges that State Troopers arrived at her home on April 15, 2010, to respond to a routine call. She claims that the Troopers handcuffed her and put her in the prone position on the ground, lifted her head off the ground and smashed her face into a hard surface, kicked her side (which caused rib fractures), and made several racist remarks to her.

Bullock filed this action in the Circuit Court of Kanawha County, West Virginia. The Complaint brings two counts and two additional state law claims. Count One "alleges a state constitutional tort action against Defendants under the West Virginia Constitution, pursuant to the common law of West Virginia, and specifically is not filed pursuant to 42 U.S.C. § 1983 or any other

related federal statute." (Compl. ¶ 16.) It states, "[t]he actions of Defendants also violated the constitutional rights guaranteed to Ms. Bullock under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (*Id*. ¶ 18.) The Complaint also contains a disclaimer of sorts:

> The provisions of the United States Constitution are cited in this COMPLAINT because, with some limited exceptions, the rights guaranteed to Plaintiff under the West Virginia and United States Constitutions are so parallel that the violation of one similarly would constitute the violation of the other. In civil rights litigation, plaintiffs often cite the state and federal constitutional provisions implicated so that the issues in the case are federalized to allow for possible review by the United States Supreme Court in the unlikely event that either the trial court or the West Virginia Supreme Court interprets a constitutional right contrary to decisions of the United States Supreme Court.

(*Id*. ¶ 19.) Count Two alleges that the defendants were "reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff," and it asks for punitive damages. (*Id*. ¶ 24.) Bullock also brings the additional state law claims of abuse of process and negligence. (*Id*. ¶ 26.)

The defendants removed the case to federal court on June 22, 2010. The plaintiff filed the instant motion to remand on July 12, and the defendants responded on July 22. The plaintiff did not file a reply.

**II.     Standard of Review**

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In most cases where federal question jurisdiction exists, federal law creates the plaintiff's cause of action. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Federal question jurisdiction is not limited, however, to cases where federal law creates the cause of action. Where state law creates the cause of action and the plaintiff's demand necessarily depends on the resolution of a substantial question of federal law, federal question jurisdiction exists. *See Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir. 1996) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand is necessary. *Bazilla v. Belva Coal Co.*, 939 F. Supp. 476, 477 (S.D. W. Va. 1996).

**III.     Discussion**

Bullock argues that remand is necessary because "this matter does not implicate a federal question." (Mem. Supp. Pl.'s Motion Remand 2.) Indeed, the plaintiff argues, "the Complaint in this matter clearly states that it does not create a federal question, and any interpretation of the Complaint to do so is simply fallacious." (*Id*. at 3.) The defendants contend that Bullock "has specifically pled that the defendants' conduct violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution." (Defs.' Resp. Pl.'s Motion Remand 2.)

A court must first look to the well-pleaded complaint rule in determining whether it possesses federal question jurisdiction. That rule provides that, generally, the court has "arising under" jurisdiction "only if the plaintiff's well-pleaded complaint raises an issue of federal law." *Virden v. Altria Group, Inc*., 304 F. Supp. 2d 832, 837 (N.D. W. Va. 2004) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983)). The rule allows the plaintiff to be the "master of the claim" and "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In *Anziulewicz v. Bluefield Comty. Hosp., Inc.*, this court elaborated on the federal question inquiry by quoting Justice Cardozo:

> How and when a case "arises under the Constitution or the laws of the United States["] has been much considered in the books. Some tests are well established. To bring a case within the statute, a right of immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy, not merely a possible or conjectural one must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.

531 F. Supp. 49, 50 (S.D. W. Va. 1981) (quoting *Gully v. First National Bank*, 299 U.S. 109 at 112, 113 (1936) (citations omitted)). Notably, however, "[a] plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists. As a result, a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." *Stephens v. Cowles Media Co.*, 995 F. Supp. 974, 977 (D. Minn. 1998) (internal quotation marks and citations omitted). In this case, the plaintiff did not attempt to thwart or hide her federal claims; rather, she explicitly listed them in the Complaint.

Notwithstanding the Complaint's disclaimer, Bullock, as master of the Complaint, clearly and unavoidably brings an action "arising under the Constitution [or] laws . . . of the United States" in paragraph eighteen of the Complaint. 28 U.S.C. § 1331. This presents a genuine and present controversy, disclosed on the face of the Complaint, that is dependent upon federal law. Bullock's Motion to Remand, therefore, must be **DENIED**.

**IV.    Conclusion**

For the foregoing reasons, the plaintiff's Motion to Remand [Docket 6] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: August 3, 2010

Joseph R. Goodwin, Chief Judge